IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CLINT GREGG**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-0640-L |
| | § | |
| **TRACTOR SUPPLY COMPANY**, | § | |
| | § | |
| Defendant. | § | |

## AMENDED MEMORANDUM OPINION AND ORDER

The court hereby **vacates** its Memorandum Opinion and Order filed March 20, 2008, and **issues** this Amended Memorandum Opinion and Order. The court issues the Amended Memorandum Opinion and Order to correct several typographical errors in its Memorandum Opinion and Order of March 20, 2008. The substance of the earlier Memorandum Opinion and Order is not changed, and the rulings made by the court in it are binding on the parties.

Before the court is Defendant's Motion for Summary Judgment, filed November 5, 2007. After careful consideration of the motion, response, reply, appendices, briefs, and applicable law, the court **grants in part** and **denies in part** Defendant's Motion for Summary Judgment.

### I. Procedural and Factual Background

Clint Gregg ("Plaintiff" or "Gregg") filed this action against Tractor Supply Company ("Defendant" or "TSC") and Jill Cottle ("Cottle")[*] on February 24, 2006 in County Court at Law, Number 1, Ellis County, Texas. Gregg, an employee of TSC at the time of the incident made the basis of this lawsuit, contends that TSC intentionally and wrongfully accused him of stealing a chop

---

[*]Cottle was dismissed from the action on October 26, 2006, because Plaintiff failed to effect service on her as ordered by the court.

**Amended Memorandum Opinion and Order - Page 1**

saw, falsely and intentionally reported it to police, which caused him to be falsely arrested for theft. The theft charge against Gregg was later dismissed. Gregg sued TSC for wrongful arrest and imprisonment, intentional infliction of emotional distress, and negligence, and seeks compensatory and punitive damages from TSC. Plaintiff's Original Petition ("Petition").

TSC counters that it is not liable to Gregg under any theory of recovery Gregg asserts and sets forth a number of legal defenses that the court finds unnecessary to enumerate at this time. Because of diversity of citizenship between the parties and the amount in controversy exceeds $75,000, TSC removed the case from state court to federal court on April 10, 2006.

The court now sets forth the facts on which it relies to decide the summary judgment motion. Any material fact in actual dispute is presented in the light most favorable to Gregg. The standard applied by the court is set forth in the next section.

On February 26, 2004, between 7:15 to 7:30 a.m., Cottle, a team leader for TSC, observed Gregg, also a TSC employee, remove a DeWalt chop saw (the "saw") from a TSC Store ("Store"), without first seeking permission from a manager or supervisor, and place it in his vehicle. Gregg states that the Store had a long established practice of allowing employees to take merchandise from the Store and deliver it directly to busy customers, and bring the payment back to the Store. Gregg states that, in accordance with this practice, he took the saw off the Store shelf, put it in a buggy, pushed the buggy through the front door of the Store, and put the saw in the front seat of his truck to deliver to a customer named Ray Lynn Campbell ("Campbell").

At some point, Cottle called the police, and at approximately 9:10 a.m., two City of Waxahachie police officers were dispatched to the Store in response to an alleged employee theft. After the two police officers arrived at the Store, Cottle asked Gregg to join her for a meeting with

**Amended Memorandum Opinion and Order - Page 2**

the police officers in a back room or back office of the Store. During the meeting, the police officers told Gregg that he had been accused of stealing the saw. Gregg stated that he was planning to deliver the saw to Campbell. Cottle stated that Campbell was not listed as a customer in the Store computer.

After further discussion, the police officers arrested Gregg and took him to the Waxahachie city jail. Gregg states that he was arrested because Cottle made a false police report by stating that he placed the saw in his truck to steal it, and asked the officers to arrest him. Gregg was ultimately taken to the Ellis County jail where he posted bond and was released the same day. TSC terminated Gregg's employment at some time before he left the Store with the police officers. Cottle no longer works at the Store.

## II. Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment.

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Analysis

#### A. Wrongful Arrest and Imprisonment

Plaintiff Gregg asserts that he was "wrongfully arrested and imprisoned" as a result of TSC's actions through Cottle. Although Plaintiff's Petition is not a model of pellucid draftsmanship, and is somewhat conclusory, the allegations are sufficient to ascertain or reasonably infer that Gregg is asserting a common law false imprisonment claim. Defendant misconstrues Plaintiff's claim and contends that it has no liability because Plaintiff cannot satisfy the elements of Tex. Civ. Prac. & Rem. Code § 103.001 (Vernon 2005). This statute provides:

> (a) A person is entitled to compensation if:
> (1) the person has served in whole or in part a sentence in prison under the laws of this state; and
> (2) the person:
> (A) has received a full pardon on the basis of innocence for the crime for which the person was sentenced; or
> (B) has been granted relief on the basis of actual innocence of the crime for which the person was sentenced.
>
> (b) A person is not entitled to compensation under Subsection (a) for any part of a sentence in prison during which the person was also serving a concurrent sentence for another crime to which Subsection (a) does not apply.

*Id.* By the plain language of the statute, it does not apply to the situation in this case; it applies to persons who have been wrongfully imprisoned as a result of a wrongful conviction. The statute provides a means for persons so convicted and imprisoned to be compensated by the state of Texas. This statute, assuming that they meet the statutory requirements, would apply, for example, to those persons whom DNA evidence established that they were, in fact, not guilty but were earlier wrongly convicted and imprisoned. For these reasons, Defendant's reliance on this statute is misplaced.

As stated previously, we are dealing with a common law false imprisonment case. "The essential elements of a cause of action for false imprisonment are: (1) willful detention; (2) without consent; and (3) without authority of law." *Sears Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985) (citations omitted). The law also provides that when a person reasonably believes that another has stolen, or is attempting to steal, property, such person has a legal right to detain the other in a reasonable way and for a reasonable period of time to investigate ownership of the property. *Id*. at 376. A private citizen providing information to law enforcement officials can be liable for false imprisonment under some circumstances. "While the mere giving of inaccurate information is not a basis for liability, a private citizen who *knowingly* conveys false information to the police may be liable for a subsequent false arrest." *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.2d 502, 508 (Tex. 2002) (emphasis in original). The court further explained its holding as follows:

> [W]e agree that a defendant may be liable for instigating an unlawful arrest if he knowingly provides false information to law enforcement authorities resulting in the arrest. Applying that principle here, we see that Rodriguez has alleged that Wal-Mart failed to disclose that its identification system was unreliable, but not that it knowingly provided false information. As we noted . . . , failing to make a full and fair disclosure is not the equivalent of knowingly providing false information. All citizens have a clear legal right to report criminal misconduct to law enforcement authorities. In fact, the law encourages such communication. Although a private citizen may be liable for directing an arrest that results in a false imprisonment, the law will not generally permit inferring such direction simply from a report of crime made to the authorities. Such an inference is justified when a party provides information in its report that it knows is false. Merely providing inaccurate or incomplete information, however, will not make a party liable for instigating a subsequent false imprisonment.

*Id*. at 509-10 (footnotes and citations omitted). As Defendant misconstrues Plaintiff's claims and predicates its motion for summary judgment on incorrect legal precedent, the court cannot make the

legal determination that no genuine issue of material fact exists regarding Gregg's false arrest and imprisonment claim. The court cannot grant summary judgment on a ground not raised by a defendant. As such, the court is unable to determine whether the record is sufficiently developed to preclude the existence of a genuine issue of material fact. Accordingly, summary judgment is not warranted on Plaintiff's false arrest and imprisonment claim.

### B. Intentional Infliction of Emotional Distress

Gregg alleges intentional infliction of emotional distress ("IIED") against TSC in his Petition. To establish a claim for intentional infliction of emotional distress, a plaintiff must prove that (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the defendant's action caused the plaintiff mental distress, and (4) the mental distress was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). Extreme and outrageous conduct is that which is so extreme in degree, and so outrageous in character, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. *Webster v. Bass Enters. Prod. Co.*, 192 F. Supp.2d 684, 697 (N.D. Tex. 2002) (citing *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993)). "Only in the most unusual of employment cases does the conduct move out of the realm of an ordinary employment dispute and into the classification of extreme and outrageous as required for the tort of intentional infliction of emotional distress." *Porterfield v. Galen Hosp. Corp.*, 948 S.W.2d 916, 920-21 (Tex. App. – San Antonio 1997, writ denied) (internal quotations omitted). "[M]ere employment disputes" do not support a claim for intentional infliction of emotional distress. *MacArthur v. University of Tex. Health Ctr. at Tyler*, 45 F.3d 890, 898 (5th Cir. 1995) (citing *Johnson v. Merrell Dow Pharm., Inc.*, 965 F.2d 31, 33 (5th Cir. 1992)). Plaintiff,

of course, would argue that this case is not one that involves a mere employment dispute, because of the allegedly false report and his resulting arrest.

Here, the IIED claim is derivative of and inextricably intertwined with Gregg's false arrest and imprisonment claim. In other words, the IIED claim rises or falls on the validity of the false arrest and imprisonment claim. As the record is insufficiently developed with regard to the false arrest and imprisonment claim, the court cannot determine the viability of the IIED claim. Accordingly, summary judgment is not appropriate on Plaintiff's IIED claim.

### C. Negligence

Gregg contends that TSC, through Cottle, was negligent in filing false charges against him. This purported claim is inextricably intertwined with Plaintiff's false imprisonment claim and fails as a matter of law. False imprisonment is an intentional tort. Negligence by definition does not encompass intentional acts. Even if Cottle were negligent, such negligence would not be enough to establish a false imprisonment claim, as it does not rise to the level of intentional conduct. The duty owed by TSC, if any, to Gregg is not to knowingly make a false report to a law enforcement officer. In this case, Gregg is contending that a false report of theft was knowingly made to the two police officers, and he would have to prove intentional conduct to prevail on his false imprisonment claim. Accordingly, proof of negligence is irrelevant and quite beside the point. Further, if Gregg is contending that Cottle failed to make a full and fair disclosure to the police officers, such failure, as a matter of law, may not serve as the basis for a false imprisonment claim. *See Rodriguez*, 92 S.W.2d at 509-10. As a matter of law, one cannot cause another to be negligently false imprisoned. Accordingly, TSC is entitled to summary judgment on Gregg's negligence claim.

### IV. Miscellaneous

#### A. TSC's Objections

TSC objects to Plaintiff's Affidavit. In particular, TSC contends that Plaintiff's Affidavit is deficient because it does not identify anyone at TSC who instructed him to take supplies and equipment to customers at their place of business or other locations, or when and to whom he had previously delivered unpaid merchandise. The court disagrees that this portion of the Affidavit should be stricken.

Plaintiff describes a practice of which he could have acquired knowledge by virtue of his employment. It is not necessary that he provide all the details of the practice. That he did not provide any written policies is of no moment. All practices and customs of a business may not be reflected in writing. TSC's objection goes to the weight of the Affidavit as opposed to its admissibility.

With respect to TSC's objection concerning the statements of Campbell in Plaintiff's Affidavit, the court agrees that they constitute hearsay; however, there is a deposition on written questions in which Campbell's testimony supports, or tends to support, some of Plaintiff's contentions regarding this lawsuit. Consistent with the summary judgment standard, the court has not considered any hearsay statements. Both objections of TSC are overruled.

#### B. Timeliness of TSC's Motion for Summary Judgment

Plaintiff contends that TSC did not file and serve its summary judgment motion on time. The court disagrees. The motion was filed on November 5, 2007, consistent with the court's scheduling order. According to TSC, it was unaware that Plaintiff's counsel had not registered to receive electronic filings from the clerk. TSC's counsel e-mailed a copy of the motion and exhibits to

Plaintiff's counsel on November 6, 2007, one day after the deadline. In any event, Plaintiff's counsel timely filed a response to the summary judgment motion and thus suffered no legal prejudice. To rule otherwise exalts form over substance.

## V. Conclusion

For the reasons herein stated, there are no genuine issues of material fact as to Gregg's negligence claim. Therefore, TSC is entitled to judgment as a matter of law as to this claim. Accordingly, the court **grants** Defendant's Motion for Summary Judgment with respect to this claim and **denies** the motion in all other respects. The court also **overrules** TSC's objections to Plaintiff's Affidavit and Plaintiff's objection to the timeliness of TSC's motion for summary judgment.

**It is so ordered** this 3rd day of April, 2008.

Sam A. Lindsay
United States District Judge